**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**JEREMIAH THOMAS HEYWOOD,**

      **Plaintiff,**

**vs.**                        **CASE NO. 4:23-cv-00474-AW-MAF**

**RICKY DIXON, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Jeremiah Thomas Heywood, a prisoner proceeding *pro se* and *in forma pauperis*, filed a second amended civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 11. The Court screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. The court may review a complaint and dismiss it, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b)(1). After careful consideration, for the reasons stated below, this case should be dismissed.

## I.   Standard of Review

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a

claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The court may dismiss a complaint that fails "[t] state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "To '[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 470 F. App'x at 694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam)). Federal courts have the inherent authority to sua sponte dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962).

Complaints filed by pro se prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404, U.S. 519, 520 (1972) (per curiam). However, although a pro se pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." Id. "Threadbare recitals of the elements of a

cause of action supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at

555).

## II.  Plaintiff's Second Amended Complaint, ECF No. 11.

Plaintiff sued Ricky Dixon, Secretary of the Florida Department of

Corrections (FDOC); Gary Hewett, warden of Wakulla Correctional

Institution (C.I.); and L. Stetler, an officer at Wakulla C.I., all in their

individual- and official capacities. ECF No. 11, pp. 1-3. Plaintiff's complaint

is no model of clarity.

As best can be determined, Plaintiff alleges that he was denied an

accommodation to grow his hair in violation of the Religious Land Use and

Institutionalized Persons Act (RLUIPA) and the First Amendment. Id.,

pp. 5-6. Plaintiff asserts he is a "Messianic Jew" and wants to grow his hair

in accordance with his religious beliefs. Id., p. 5. On July 10, 2023, Plaintiff

filed an informal grievance, which was denied by Officer Stetler. Id., p. 5.

Once Plaintiff's grievance was denied, Lieutenant Gordon told the inmate

barber to cut off all of Plaintiff's hair. Id. There are no details about this

incident. Two weeks later, Plaintiff filed a formal grievance, which Warden

Hewett denied. Id.

Plaintiff claims he was forced to shave his hair otherwise he would receive a "DR" (disciplinary report) and be placed in confinement. Id. On August 4, 2023, Plaintiff appealed the denial of his grievance to Secretary Dixon, but it was rejected because the institutional level response was "appropriate." Id., p. 6. Plaintiff claims the denial of his grievances is a violation of the First Amendment and RLUIPA and required him to shave his hair. Id. Aside from the denial of the grievances, Plaintiff offers no set of facts against any of the named defendants.

Plaintiff seeks injunctive relief and money damages. Plaintiff wants to grow his hair and facial hair according to his religious beliefs but does not indicate what the religious mandate requires. Id., p. 7. Plaintiff demands $8,000 in punitive damages for pain and suffering and court fees. Id.

It is worth noting that Plaintiff's second amended complaint fails to cure the deficiencies previously identified by the Court. In fact, Plaintiff's third attempt to file a proper complaint is nearly identical to his first two complaints except for one sentence -- that is -- Plaintiff now claims that Gordon told a barber to shave him.[1]

---

[1] Gordon and the barber are not defendants in this case.

III.    **Discussion**

   *A. The First Amendment Claims are Not Actionable under Section 1983.*

   Relief is not available under Section 1983 for First Amendment claims involving alleged restrictions on religious freedom. For alleged violations by state actors, Congress enacted RLUIPA to provide confined persons greater protection of religious exercise than what the Constitution itself affords under the First Amendment.

   Under Section 3 of RLUIPA:

> no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling interest.

42 U.S.C.A. § 2000cc-1(a). To succeed on his primary RLUIPA claim, Plaintiff must present a *prima facie* case:

> plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened . . . The plaintiff 'bear[s] the burden of persuasion on whether the . . . government practice that is challenged by the claim substantially burdens the exercise of religion.' . . . If the plaintiff succeeds in demonstrating a prima facie case, the government must then demonstrate that the challenged government action is 'is in furtherance of a compelling governmental interest' and 'is the least restrictive means of furthering that compelling governmental interest.' . . . In contrast, if the

> plaintiff fails to present evidence to support a prima facie case under RLUIPA, the court need not inquire into whether the governmental interest at stake was compelling.

Smith v. Allen, 502 F.3d 1255, 1276 (11th Cir. 2007). Plaintiff has not stated sufficient facts to support a *prima facie* case. Although Plaintiff alleged that a constitutional violation occurred, the complaint fails to allege facts that associate Defendants with that violation. A complaint is defective if it fails to connect a defendant with the alleged wrongdoing. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008). Those facts, without more, are insufficient to state a claim for relief.

Ultimately, Plaintiff only states that Defendants denied his grievances. Twice, the Court advised Plaintiff of this deficiency and ordered him to amend. ECF No. 4, pp. 4, 6-9; ECF No. 9, pp. 4-8. Still, Plaintiff did not cure the deficiency and fails to state a claim for relief.

*B. Denial of Prison Grievances*

The only acts Plaintiff attributed to the defendants was their participation in the grievance process. However, a prison official's denial of a grievance, without more, is not actionable under Section 1983. This is because inmates have no constitutional entitlement to a grievance procedure. See Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011). The Court previously warned Plaintiff that such claims would likely be

subject to dismissal. See ECF Nos. 4 and 9. These claims should be dismissed as a matter of law.

## C. Respondeat Superior

To the extent Plaintiff attempts to claim that the warden or the FDOC secretary are liable for the unconstitutional acts of their subordinates, such claims also fail. Because Plaintiff raises claims against the warden and the FDOC secretary in their official capacities, it can be assumed Plaintiff is attempting to sue under a theory of vicarious liability. However, "liability under § 1983 may not be based on the doctrine of respondeat superior." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking

officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted).

Plaintiff does not identify any policy or custom; he merely alleges Defendants denied his grievances at various levels. The official capacity claims should be dismissed.

### D. Plaintiff's Claim for Monetary Damages Fails

Finally, Plaintiff's claims for monetary damages fails on two fronts. First, official capacity claims are barred by Eleventh Amendment immunity. Prison employees are considered employees of the State of Florida for the purposes of a Section 1983 action. Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011). Here, Plaintiff does not provide sufficient facts

to support a constitutional claim and does not solely seek injunctive relief.

Second, Plaintiff cannot sustain a RLUIPA action for monetary damages against prison officials in their individual capacities; the statute does not provide such a remedy. See Smith v. Allen, 502 F.3d 1255, 1275 (11th Cir. 2007), abrogated in part on other grounds by Sossamon v. Texas, 563 U.S. 277 (2011). The claims for monetary damages are due to be dismissed.

## IV.    Conclusion and Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and counts as a strike.

**IN CHAMBERS** at Tallahassee, Florida, on December 29, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ.

P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).