IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JEREMIAH THOMAS HEYWOOD,**

    **Plaintiff,**

v.                                                  Case No. 4:23-cv-474-AW-MAF

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

Plaintiff Jeremiah Thomas Heywood, a pro se inmate, sued DOC Secretary Ricky Dixon, Wakulla Correctional Institution Warden Gary Hewett, and WCI Officer L. Stetler, all in their individual and official capacities. ECF No. 11. Heywood alleges Defendants denied his request to grow his hair in accordance with his Messianic Jewish beliefs, thus violating his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA).

The magistrate judge's report and recommendation concluded the court should dismiss all claims for failure to state a claim. ECF No. 12. Heywood filed no objection. Nevertheless, a district court "may accept, reject, or modify, in whole or in part," recommendations made by the magistrate judge, even absent objections. *See Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (quoting 28 U.S.C.

1

§ 636(b)(1)). I now adopt in part and reject in part the report and recommendation for the following reasons.

Because Heywood is pro se, I must construe his complaint more liberally than if he were represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). Still, Heywood must allege "sufficient factual matter," which accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As noted above, Heywood alleges violations of RLUIPA and the First Amendment. The magistrate judge rejects the First Amendment claim, stating that "[r]elief is not available under Section 1983 for First Amendment claims involving alleged restrictions on religious freedom." ECF No. 12 at 5. The suggestion, as I understand it, is that by enacting RLUIPA, Congress displaced preexisting § 1983 claims based on religious freedom. *Id*. But the report and recommendation cites no authority suggesting that is so. And although RLUIPA offers additional protection of religious exercise, it does not preclude § 1983 First Amendment claims. *See Dorman v. Aronofsky*, 36 F.4th 1306, 1313 (11th Cir. 2022). Although a claim that fails under RLUIPA also fails under the First Amendment, some claims prevail under both. *Id.* I thus reject the report and recommendation to the extent it suggests there is no cognizable First Amendment claim because of RLUIPA.

I do agree, though, that Heywood's individual-capacity claims must be dismissed. Heywood alleges Officer Stetler denied his informal grievance, Warden Hewett denied his formal grievance, and Secretary Dixon denied his appeal. He also alleges he "was forced to shave [his] hair by L.T. Gordon," who is not a defendant. ECF No. 11 at 5. As the magistrate judge noted, "a prison official's denial of a grievance, without more, is not actionable under Section 1983." ECF No. 12 at 6; *see also Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("[A]s various circuits have held when ruling on an inmate's claim that he was denied use of a prison's grievance procedure, an inmate has no constitutionally-protected liberty interest in access to that procedure."); *Pesci v. Budz*, 2015 WL 1349711, at *10 (M.D. Fla. Mar. 25, 2015) (dismissing claim when the only allegation against a defendant was "he denied one of Plaintiff's resident grievances" (citing *Bingham*, 654 F.3d at 1177)). Because Heywood has not alleged anything the named defendants did beyond denying his grievances, he has not stated any individual-capacity claims.

As to the official-capacity claims, I will dismiss all but those against Secretary Dixon. A lawsuit against a state official in his official capacity is really against the entity the official represents. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, regardless of which defendant is named, Heywood really seeks relief from the DOC. Since claims against

all three defendants would be duplicative claims against DOC, I will dismiss his official-capacity claims against Warden Hewett and Officer Stetler. *Cf. Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (affirming directed verdict against named official because "[t]o keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury").

But I disagree with the magistrate judge as to whether Heywood has stated an official-capacity claim against Secretary Dixon. Liberally construed, Heywood's claim is not just about the grievance denial; it is about the religious accommodation denial that led to the grievance in the first place. That Heywood "has no constitutionally-protected liberty interest in access to [a grievance] procedure" does not bar these claims. *Bingham*, 654 F.3d at 1177.

Under RLUIPA, Heywood must show the jail's "rule, regulation, practice, or policy substantially burdens his exercise of religion," after which the burden shifts to the government to show the imposition of such burden is justifiable. *Dorman*, 36 F.4th at 1313. While it is true Heywood does not indicate the hair and facial hair length his religion requires, he alleged he was denied permission to grow his hair in accordance with his Messianic Jewish beliefs. At this stage, Heywood has at least plausibly alleged that his Messianic faith was substantially burdened. *Cf. Holt v. Hobbs*, 574 U.S. 352, 361 (2015) ("The Department's grooming policy requires

4

petitioner to shave his beard and thus to engage in conduct that seriously violates his religious beliefs. If petitioner contravenes that policy and grows his beard, he will face serious disciplinary action. Because the grooming policy puts petitioner to this choice, it substantially burdens his religious exercise." (cleaned up) (citation omitted)).

It could be that even if Heywood's allegations turn out to be true, the burden was still permissible. But the government must show that, which has not happened at this stage. *See Smith v. Owens*, 848 F.3d 975, 981 (11th Cir. 2017) (remanding for an "individualized, context-specific inquiry" on whether a prison's grooming policy permitting a 1/2-inch beard but not an uncut beard was "the least restrictive means of furthering compelling governmental interests"); *see also Holt*, 574 U.S. at 369 (holding that a prison's "grooming policy violates RLUIPA insofar as it prevents petitioner from growing a 1/2–inch beard in accordance with his religious beliefs"). I thus reject the report and recommendation to the extent it suggests Heywood has not stated official-capacity claims against Secretary Dixon under the First Amendment and RLUIPA.

The Eleventh Amendment precludes Heywood's request for damages. *See Cross v. State of Ala.*, 49 F.3d 1490, 1503 (11th Cir. 1995). But Heywood also seeks injunctive relief, ECF No. 11 at 7 (requesting "[t]he right to grow my hair and facial

5

hair accord to my religion"), which the Eleventh Amendment would not preclude, *see Ex parte Young*, 209 U.S. 123, 155-56 (1908).

* * *

The individual-capacity claims are DISMISSED for failure to state a claim. The official-capacity claims against Officer Stetler and Warden Hewett are DISMISSED as duplicative. Any official-capacity claim for damages is dismissed based on the Eleventh Amendment.

The magistrate judge will conduct further proceedings as to the official-capacity claims for injunctive relief against Secretary Dixon.

SO ORDERED on August 2, 2024.

s/ *Allen Winsor*  
United States District Judge